## St. Louis, Alton and Terre Haute Railroad Company

### v.

## Barbara Berger.

1. VERDICT AGAINST EVIDENCE.—The court is of opinion the verdict is manifestly against the evidence, and the judgment is reversed.

2. INSTRUCTIONS.—In an action for injuries caused by being run over by cars, an instruction is erroneous which tells the jury to find for the plaintiff if they believe that without fault on her part, the injury was caused through the fault or negligence of the defendant. This is too general. Attention should have been directed to the specific charges of negligence alleged in the declaration.

APPEAL from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed. October 6, 1881.

Mr. R. A. HALBERT and Mr. C. F. NOETLING, for appellant; that juries have no right to decide a question capriciously and against the great preponderance of the evidence, cited Robertson v. Dodge, 28 Ill. 161; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; Hartford Ins. Co. v. Gray, 80 Ill. 28; Evans v. George, 80 Ill. 51.

Mr. WM. WINKELMAN, and Mr. A. S. WILDERMAN, for appellee.

BAKER, J. After a careful consideration of all the testimony contained in this record, we are of opinion it does not sustain the verdict of the jury. There can be no claim there is evidence even tending to prove the third count of the declaration. The only testimony to prove the second count, i. e., that "while she (plaintiff) was, with the consent and permission of said company, and with due care, alighting from said train, the same was caused to be suddenly and violently started and moved, by means of which she was violently thrown to the ground, and her foot run over by the cars and mashed," is that which appellee gives in her own behalf. The overwhelming weight of the evidence shows that the passenger train came to a full stop when it arrived at Freeburg on the night in question, remained at the station for a longer time than usual, and for from three to five minutes, and made no movement after it once stopped until it moved off from the station for St. Louis. And the evidence conclusively shows it is a physical impossibility the injury could have been occasioned in the manner and under the circumstances stated by appellee in her testimony, or by the means alleged in this count.

The first count is of very doubtful import. It alleges the train was not stopped and slackened at Freeburg, so as to enable plaintiff to get off; that it was started after it was stopped; that plaintiff was thrown upon the ground, and that her foot was crushed between the platforms of the cars. As we have seen, the train was stopped at Freeburg, made a good stop and at the proper place, and made no movement thereafter until it started off; moreover, the evidence shows the cars were provided with Miller platforms and air-brakes, and that

St. L. A. & T. H. R. R. Co. v. Berger.

they were all in good condition.   We find nothing in the record, outside of the statements of appellee, even tending to prove either the negligence charged, or negligence of any kind on the part of appellant or its employes.   The statements of appellee are uncertain, contradictory, unreasonable, frequently in conflict with numerous other witnesses, and corroborated by no one.   There is no doubt she was seriously injured, and probably by the cars of appellant; but by what particular means thus injured is left in uncertainty.   Indeed, what there is about a car or train of cars that is capable of inflicting an injury of the charater of that received by her is a mystery, a solution of which is not suggested either by the numerous experts examined, or by counsel.

We think the verdict was so palpably against the evidence that it cannot stand; and that the motion for a new trial should have been allowed.   Objection is made to the two instructions given for appellee.   They are objectionable, and probably misled the jury.   The one directs them to find a verdict for plaintiff, if they find she, without negligence on her part, was injured "through the fault or negligence of the defendant;" and the other, if they find the injury was occasioned "by the negligence of the defendant."   They should have called attention to the specific acts of negligence alleged in the declaration, and without proof of which, substantially, there could be no recovery.   These instructions by the general terms used therein opened a wide field for speculation on the part of the jury, as also did the use of the word "fault" in the first instruction.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

WALL, J., took no part in the decision of this case.